**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 23-4023**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

STEVEN ANTONIO PETERSON,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge.  (5:22-cr-00145-BO-BM-1)

Submitted:  November 21, 2023                    Decided:  November 28, 2023

Before WILKINSON and NIEMEYER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** G. Alan DuBois, Federal Public Defender, Andrew DeSimone, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Philip L. Aubart, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Steven Antonio Peterson pleaded guilty to two counts of possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2).[*] The district court sentenced Peterson to a total of 168 months' imprisonment, within the Sentencing Guidelines range, and Peterson now appeals. On appeal, Peterson contends that his sentence is procedurally unreasonable because the district court failed to address some of the mitigating arguments he presented in support of a lower sentence, including his acceptance of responsibility, his family support, and his desire to give back to his community through mentoring. Finding no error, we affirm.

We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). "A district court is required . . . to explain adequately the sentence imposed to allow for meaningful appellate review and to promote the perception of fair sentencing." *United States v. Lewis*, 958 F.3d 240, 243 (4th Cir. 2020) (internal quotation marks omitted). "[A] district court's explanation should provide some indication that the court considered the [18 U.S.C.] § 3553(a) factors . . . and also that it considered [the] defendant's nonfrivolous arguments for a lower sentence." *United States v. Nance*, 957 F.3d 204, 212-13 (4th Cir. 2020)

---

[*] Section 924(a)(2) was amended and no longer provides the penalty for § 922(g)(1) convictions; the new penalty provision in 18 U.S.C. § 924(a)(8) sets forth a statutory maximum sentence of 15 years' imprisonment for a § 922(g)(1) offense. *See* Bipartisan Safer Communities Act, Pub. L. No. 117-159, § 12004(c), 136 Stat. 1313, 1329 (2022). The 15-year statutory maximum does not apply in this case, however, because Peterson committed his offense before the June 25, 2022, amendment of the statute.

(cleaned up).    However, "in a routine case, where the district court imposes a within-Guidelines sentence, the explanation need not be elaborate or lengthy." *United States v. Arbaugh*, 951 F.3d 167, 174-75 (4th Cir. 2020) (internal quotation marks omitted). Thus, we will not vacate a sentence where "[t]he context surrounding a district court's explanation . . . imbue[s] it with enough content for us to evaluate both whether the court considered the § 3553(a) factors and whether it did so properly." *United States v. Montes-Pineda*, 445 F.3d 375, 381 (4th Cir. 2006).

We have reviewed the record and conclude that the district court adequately considered the parties' arguments and explained its rationale for imposing Peterson's 168-month sentence based on Peterson's history and characteristics and the dangerous nature of the conduct underlying the § 922(g) offenses.  Indeed, as here, when the court has fully addressed the defendant's "central thesis" in mitigation, it need not "address separately each supporting data point marshalled on its behalf." *Nance*, 957 F.3d at 214. In any event, even if the district court erred, as the record provides "fair assurance that the district court's explicit consideration of the defendant's arguments would not have affected the sentence imposed," we conclude that any such error would be harmless. *See United States v. Boulware*, 604 F.3d 832, 838 (4th Cir. 2010) (cleaned up).

Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3